CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:14–mj–00398–MDG–1

Case title: USA v. Jean–Baptiste

Date Filed: 04/25/2014
Date Terminated: 04/30/2014

Assigned to: Magistrate Judge Marilyn D. Go

**Defendant (1)**

**Yvener Jean–Baptiste**
*TERMINATED: 04/30/2014*

represented by **Mitchell C. Elman**
21 Harbor Park Drive North
Port Washington, NY 11050
516–586–6666
Email: mitchell.elman@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:1029A.F

**Disposition**

**Plaintiff**

**USA**

represented by **Ameet B. Kabrawala**
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East

Brooklyn, NY 11201  
718−254−6001  
Fax: 718−254−6076  
Email: ameet.kabrawala@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/25/2014 | 1 | 3 | RULE 5 AFFIDAVIT/REMOVAL TO THE DISTRICT OF RHODE ISLAND by USA as to Yvener Jean−Baptiste (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | | | Arrest (Rule 5) of Yvener Jean−Baptiste (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | 2 | 13 | Minute Entry for proceedings held before Magistrate Judge Marilyn D. Go:Arraignment as to Yvener Jean−Baptiste (1) Count Complaint held on 4/25/2014, Initial Appearance in Rule 5(c)(3) Proceedings as to Yvener Jean−Baptiste held on 4/25/2014. AUSA Ameet Kabrawala present. Dft present w/ret counsel Mitchell Elman. Removal proceeding to the District of Rhode Island hearing held. Removal hearing waived. Bail set @ $160,000. 2 sureties sworn, advised of bond obligations and signed the bond. 1 additional surety to sign the bond by 4/30/14. Dft advised of bond conditions and signed the bond. Dft released on $160,000 bond. (Log # 4/25/14 3:03−3:33.) (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | 3 | 14 | ORDER Setting Conditions of Release as to Yvener Jean−Baptiste (1) $160,000. Ordered by Magistrate Judge Marilyn D. Go on 4/25/2014. (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | 4 | 16 | REDACTION by Yvener Jean−Baptiste to 3 Sealed, Order Setting Conditions of Release (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | 5 | 18 | WAIVER of Rule 5(c)(3) Hearing by Yvener Jean−Baptiste (Chin, Felix) (Entered: 04/25/2014) |
| 04/25/2014 | 6 | 19 | NOTICE OF ATTORNEY APPEARANCE: Mitchell C. Elman appearing for Yvener Jean−Baptiste (Chin, Felix) (Entered: 04/25/2014) |
| 04/30/2014 | 7 | 20 | Minute Entry for proceedings held before Magistrate Judge Marilyn D. Go:Bond Signing Hearing as to Yvener Jean−Baptiste held on 4/30/2014. Surety was sworn and advised of bond obligations by the court and signed the bond. (Tape #10:51−10:57.) (DiLorenzo, Krista) (Entered: 04/30/2014) |

JP:AK

EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

YVENER JEAN-BAPTISTE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**14 M 398**

REMOVAL TO THE
DISTRICT OF RHODE ISLAND

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

        OLIVER GRANT, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS"), duly appointed according to law and acting as such.

        Upon information and belief, on or about April 9, 2014, an arrest warrant was issued by the United States District Court for the District of Rhode Island, charging the defendant YVENER JEAN-BAPTISTE on a criminal complaint alleging his violation of 18 U.S.C § 1029(a)(2) and 18 U.S.C. § 1028A.

        The source of your deponent's information and the grounds for his belief are as follows:[1]

        1.    I have been a Special Agent with the USSS for approximately 15 years. This affidavit is based in part on my conversations with other law enforcement officers and my examination of reports and records.

        2.    On April 9, 2014, an arrest warrant was issued by the United States District Court for the District of Rhode Island (the "arrest warrant"), charging

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all the facts and circumstances of which I am aware.

the defendant YVENER JEAN-BAPTISTE on a criminal complaint with (1) knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, contrary to 18 U.S.C § 1029(a)(2); and (2) knowingly possessing and using, without lawful authority, means of identification of another person, in violation of 18 U.S.C. § 1028A. The arrest warrant and complaint are attached hereto.

3. On or about April 24, 2014, USSS agents from the District of Rhode Island notified USSS agents in the Eastern District of New York that the defendant YVENER JEAN-BAPTISTE was scheduled to depart John F. Kennedy International Airport ("JFK") in Queens, New York on or about April 25, 2014, on an American Airlines flight bound for Miami, Florida. USSS agents from the District of Rhode Island provided biographical information about the defendant, as well as a photograph of the defendant.

4. On or about April 25, 2014, at approximately 5:00 a.m., USSS agents at JFK in Terminal 8 observed an individual who appeared to match the information and photograph provided by USSS agents from the District of Rhode Island. At that time, a USSS agent announced the defendant's name and the defendant responded.

5. USSS agents requested, and the defendant produced, his identification documents, including a passport and New York driver's license, both in the name of Yvener Jean-Baptiste. The individual depicted in the passport and in the driver's license matched the defendant.

WHEREFORE, your deponent respectfully requests that the defendant YVENER JEAN-BAPTISTE be dealt with according to law.

OLIVER GRANT
SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to before me this
25th day of April, 2014

GE

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Rhode Island

**FILED**
APR -9 2014
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| YVENER JEAN-BAPTISTE, DOB(1987) BROOKLYN, NY | ) | Case No. 1:14MJ87 A |
| *Defendant* | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* YVENER JEAN-BAPTISTE
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and (ii) did, during and in relation to the felony violation of access device fraud, contrary to 18 U.S.C. § 1029(a)(2), knowingly possess and use, without lawful authority, means of identification of another person, to wit, the access device and account number of J.Q., in violation of 18 U.S.C. § 1028A (Count 2).

Date: 04/09/2014

*Issuing officer's signature*

City and state: Providence, RI

HON. LINCOLN D. ALMOND, US MAGISTRATE JUDGE
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

USCA2 6

AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Rhode Island

| United States of America | ) |
|---|---|
| v. | ) |
| YVENER JEAN-BAPTISTE | ) Case No. |
| D.O.B.: 1987 | ) |
| BROOKLYN, NY | ) 1:14 MJ 87 A |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of _____ in the county of __KENT__ in the _____ District of __Rhode Island__, the defendant violated __18__ U.S.C. § __1029(a)(2) and 1028A__, an offense described as follows:

did knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and (ii) did, during and in relation to the felony violation of access device fraud, contrary to 18 U.S.C. § 1029(a)(2), knowingly possess and use, without lawful authority, means of identification of another person, to wit, the access device and account number of J.Q., in violation of 18 U.S.C. § 1028A (Count 2).

This criminal complaint is based on these facts:

See attached Affidavit of SPECIAL AGENT KELLY MAHER, UNITED STATES SECRET SERVICE

☒ Continued on the attached sheet.

*Complainant's signature*

Special Agent Kelly Maher, USSS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/09/2014

*Judge's signature*

City and state: Providence, Rhode Island

LINCOLN D. ALMOND, U.S. MAGISTRATE
*Printed name and title*

## AFFIDAVIT

I, Kelly Maher, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent with the United States Secret Service and have been so employed since September of 2002. I am currently assigned to the Providence Resident Office ("Providence RO") of the United States Secret Service, and my duties include the investigation of financial crimes which include the following: identity theft, access device fraud, bank fraud, and forgery. I submit this affidavit based on information known to me personally from my investigation, as well as information obtained from other law enforcement officers and financial institutions who have investigated this matter, and other individuals who have personal knowledge of the facts herein. The facts set forth herein do not constitute all the facts involved in this matter, only those that I believe are necessary to support a finding of probable cause.

2. I have been conducting an investigation, the results of which thus far show that there is probable cause to believe that YVENER JEAN-BAPTISTE ("JEAN-BAPTISTE"): (i) did knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and (ii) did, during and in relation to the felony violation of access device fraud, contrary to 18 U.S.C. § 1029(a)(2), knowingly possess and use, without lawful authority, means of identification of another person, to wit, the access device and account number of J.Q., in violation of 18 U.S.C. § 1028A (Count 2).

1

3. On November 29, 2013, J.Q., a woman residing in New York, contacted the Lincoln, Rhode Island Police Department to report that an unauthorized transaction in the amount of $4,800 was made on her China Merchants Bank Mastercard, number xxxx xxxx xxxx 6691 at a Target store in Lincoln, RI. Surveillance footage from November 29, 2013 provided by Target shows defendant JEAN-BAPTISTE and another individual identified as P.O. utilizing fraudulent credit cards (including the credit card of J.Q.) to purchase Target gift cards. In total, JEAN-BAPTISTE and P.O. purchased $75,894.01 worth of Target gift cards on November 29, 2013 using 6 counterfeit credit cards. These counterfeit credit cards had account numbers which belonged to actual credit cards owned by other individuals and were used without these individuals' knowledge or consent. The gift cards were then quickly redeemed at Target stores in New York.

4. On November 30, 2013, JEAN-BAPTISTE returned to the Target store in Lincoln, RI, with an individual named Z.T. in a silver G35 Infiniti, with Connecticut license plate number 776-ZON. This same vehicle was previously identified by a Target employee as being driven by the individuals who had committed credit card fraud the previous day. Lincoln Police Department responded to the Target store and performed a vehicle stop on the Infiniti. Defendant JEAN-BAPTISTE was arrested at the vehicle. A search incident to arrest of defendant JEAN-BAPTISTE and Z.T. was conducted which revealed ten counterfeit credit cards in Z.T.'s name, one counterfeit driver's license in the name of "Eric West," one counterfeit credit card with JEAN-BAPTISTE's name as well as multiple Target gift cards.

5. On December 1, 2013, this affiant responded to the Lincoln Police Department to interview defendant JEAN-BAPTISTE. JEAN-BAPTISTE was read his Miranda rights and

2

agreed to waive those rights. JEAN-BAPTISTE admitted that he conducted the fraudulent credit card transactions at the Lincoln, R.I. Target store on November 29, 2013 and that he returned to that store on November 30th to conduct additional fraudulent credit card transactions. JEAN-BAPTISTE stated that he typically receives $200 for every $800 fraudulent transaction he conducts. He further stated that he provided the Target gift cards to another individual in New York but that he was not aware of the locations at which the gift cards he fraudulently purchased on November 29, 2013 were redeemed.

6. Following the arrest of JEAN-BAPTISTE on November 30, 2013 at the Lincoln Target store, I conducted an investigation to determine if JEAN-BAPTISTE had used fraudulent credit cards at other Rhode Island stores. This investigation, as described below, has uncovered 4 other instances in which JEAN-BAPTISTE and others conducted fraudulent credit card transactions in Rhode Island stores.

7. On November 1, 2013, JEAN-BAPTISTE and an unidentified male entered a Target store in the Warwick Mall in Warwick, Rhode Island. Surveillance footage provided by Target shows defendant JEAN-BAPTISTE utilizing fraudulent credit cards to purchase gift cards. In total, JEAN-BAPTISTE and the unidentified male purchased $38,482.48 worth of Target gift cards using 3 counterfeit credit cards with account numbers belonging to other individuals. JEAN-BAPTISTE is seen on video making purchases with the credit cards. The credit cards utilized by JEAN-BAPTISTE to purchase the gift cards have all been determined by law enforcement to have been counterfeited cards that were used without the knowledge or permission of the credit card owners.

3

8. On the same day, November 1, 2013, JEAN-BAPTISTE and an unidentified male entered a Target store on Bald Hill Road in Warwick, Rhode Island. Surveillance footage provided by Target shows defendant JEAN-BAPTISTE utilizing fraudulent credit cards to purchase gift cards. In total, JEAN-BAPTISTE and the unidentified male purchased $15,894.60 worth of Target gift cards using 4 counterfeit credit cards in the names of other individuals. JEAN-BAPTISTE is seen on video making purchases with the credit cards. The credit cards utilized by JEAN-BAPTISTE to purchase the gift cards have all been determined by law enforcement to have been counterfeited cards that were used without the knowledge or permission of the credit card owners.

9. On November 22, 2013, JEAN-BAPTISTE and P.O. entered a Walmart store in Warwick, Rhode Island. Surveillance footage provided by Walmart shows defendant JEAN-BAPTISTE utilizing fraudulent credit cards to purchase gift cards. In total, JEAN-BAPTISTE and P.O. purchased $8,286.53 worth of Walmart gift cards on November 22, 2013 using counterfeit credit cards. JEAN-BAPTISTE is seen on video making purchases with the credit cards. The credit cards utilized by JEAN-BAPTISTE to purchase the gift cards have all been determined by law enforcement to have been counterfeited cards that were used without the knowledge or permission of the credit card owners.

10. On the same day, November 22, 2013, JEAN-BAPTISTE and P.O. entered a Target store in the Warwick Mall, Warwick, Rhode Island. Surveillance footage provided by Target shows defendant JEAN-BAPTISTE utilizing fraudulent credit cards to purchase gift cards. In total, JEAN-BAPTISTE and P.O. purchased $17,600 worth of Target gift cards using 1 counterfeit credit card. The credit card utilized by JEAN-BAPTISTE to purchase the gift cards

4

has been determined by law enforcement to have been a counterfeited card that was used without the knowledge or permission of the credit card owner.

11. Based on the fraudulent credit card purchases described above, the total actual loss to the credit card companies is approximately $156,157.62.

12. Based on the foregoing, there is probable cause to believe that from on or about November 1, 2013 through November 30, 2013, defendant YVENER JEAN-BAPTISTE: (i) did knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and (ii) did, during and in relation to the felony violation of access device fraud, contrary to 18 U.S.C. § 1029(a)(2), knowingly possess and use, without lawful authority, means of identification of another person, to wit, the access device and account number of J.Q., in violation of 18 U.S.C. § 1028A (Count 2).

KELLY MAHER, SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to before me this
9th day of April 2014

HON. LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE
District of Rhode Island

5

USCA2 12

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

## INITIAL APPEARANCE CALENDAR

1) Magistrate Case Number: **14 M 398**
2) Defendant's Name: **Jean-Baptiste** (Last) **Yvener** (First) _____ (M.I.)
3) Age: _____
4) Title: _____ Section(s): _____
5) Citizen of: _____ Needs: _____ Interpreter
6) Arrest Warrant Issued: _____ Date and time of arrest: _____

(Items 1-6 to be completed by AUSA/Arresting Officer)

7) Removal Proceeding: ✓ Yes ___ No   Other District: **District of Rhode Island**
8) Name of Interpreter used today: _____ Language: _____
9) Arraignment on complaint held: ✓ Yes ___ No   Date/Time: **4/25/14**
10) Detention Hearing Held: ___ Bail set at: **$160,000** ROR Entered: ___ POD Entered: ___
11) Temporary Order of Detention Entered: ___ Bail Hearing set for: _____
12) (a) Preliminary Hearing set for: _____; or waived: _____
    (b) Removal Hearing set for: _____; or waived: ✓
    (c) Status Conference set for: _____
13) ASSISTANT U.S. ATTORNEY: **Ameet Kabrawala**
14) DEFENSE COUNSEL'S NAME: **Mitchell Elman**
    Address: _____
    Bar Code: _____ CJA: ___ FDNY: ___ RET: ✓
    Telephone Number: ( ) _____
15) LOG #: **3:03 - 3:33**   MAG. JUDGE: **Go**
16) ✓ Defendant was advised of bond conditions by the Court and signed the bond.
    2 Surety (ies) were sworn and advised of bond obligations by the Court and signed the bond.
    1 Additional surety (ies) to co-sign bond by ~~5/2/14~~ **4/30/14**

Other Comments/Rulings: _____

17) Complaint/Affidavit/Indictment unsealed: ___ Yes ___ No

SO ORDERED ON THIS _____ DAY OF _____, 20__

_____
UNITED STATES MAGISTRATE JUDGE

United States District Court
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS
V. | OF RELEASE AND BOND

Yvener Jean-Baptiste
**Defendant**

Case No.: 14-398M

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[✓] Upon **Unsecured Bond** executed by defendant in the amount of $_____, or  $160,000
[✓] Upon **Secured Appearance Bond** as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: ~~EDNY SDNY~~ to and from Rhode Island NYC + LI, NJ to address for any legal proceedings / court

[ ] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: _____

[ ] 3. The defendant shall avoid and not go to any of the following locations: _____

[✓] 4. The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and
   [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;
   [✓] must report to that agency ( ) in person ____ times per ____ and/or ( ) by telephone ____ times per ____ as directed by PTS
   [✓] is subject to ~~home detention with~~ electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[✓] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: defendant reside at 488 Pine St, Brooklyn, NY; Bond to be signed by Miotte Jean-Baptiste by 4/30/14

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ 160,000. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____
[✓] premises located at: 488 Pine St. Brooklyn, NY owned by Miotte and Bernato Jean-Baptiste
[✓] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before 5/9/14
[✓] Other Conditions: No liens to be placed on the above property

Nadege Jean-Baptiste  Surety  Address: 488 Pine Street Brooklyn NY 11208
Bernato Jean-Baptiste  Surety  Address: "  "  "  "
Barnato Jean-Baptiste  Surety  Address: _____
Miotte Jean-Baptiste  Surety  _____

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is conditioned upon the appearance of the defendant and is subject to the **Standard Conditions of Bond** set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. **I am aware of the penalties and sanctions set forth on the reverse of this form.**

_____
Signature of Defendant

Release of the Defendant is hereby ordered on April 25, 2014

Distribution:  White-Original   Canary - Courtroom Deputy   Pink - Pretrial Services   Goldenrod - Defendant

## Standard Conditions of Release

In all cases, IT IS ORDERED that the release of the defendant is subject to the following conditions:
1. Defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing of any change in address and/or telephone number.
2. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
3. Defendant shall not commit any federal, state, or local crime.

The conditions of this bond are that the defendant named on the obverse is to appear before the Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond including any proceeding on appeal or review which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the preceding conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the entitled matter on the obverse at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

## Special Conditions of Release

1. If defendant is subject to home detention, defendant may not leave his/her residence without the approval of the Pretrial Services Agency, except for court appearances and visits with defense counsel in this pending criminal case and for medical emergencies. In all instances, however, the defendant must notify the Pretrial Services Agency of his or her departure from the residence.
2. If the defendant fails to report as required to the Pretrial Services Agency or to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residnece or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

## Advice of Penalties

If defendant violates any of the preceding conditions of release, a warrant will issue for his/her arrest and the terms and conditions of any further release will be reconsidered. Such reconsideration can result in a revocation of release, an order of detention, the forfeiture of any previously posted bail, and a prosecution for contempt, the latter of which could result in a term of imprisonment and/or a fine. In addition, if the defendant fails to appear as required, he/she could be prosecuted for failing to appear and, if found guilty, be subject to imprisonment for up to ten years and/or fined up to $250,000 depending upon the offense charged.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense of up to ten years, depending on the offense. Defendant is advised that it is a criminal offense to intimidate or attempt to intimidate a witness, juror, or officer of the court, or to obstruct a criminal investigation, or to tamper with a witness, victim, or informant, or to retaliate against a witness, victim, or informant, or to threaten or to attempt to do so. These offenses are punishable by up to ten years of imprisonment and a $250,000 fine. The term(s) of imprisonment imposed for any of the foregoing offenses shall be consecutive to the sentence of imprisonment for any other offense and must be imposed in addition to the sentence received for the offense itself.

Rev. Dec. 1998

GPO U.S. GOVERNMENT PRINTING OFFICE:2009-509-438

United States District Court
**EASTERN DISTRICT OF NEW YORK**

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS |
| --- | --- |
| V. | OF RELEASE AND BOND |
| _Yvener Jean-Baptiste_ | Case No.: 14-398M |
| **Defendant** | |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the **Standard Conditions of Bond on the reverse** and:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[✓] Upon **Unsecured Bond** executed by defendant in the amount of $_____, or $160,000
[✓] Upon **Secured Appearance Bond** as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: ~~EDNY, Southern~~ _to and from Rhode Island_ _NYC + LI, NJ + address for any legal proceedings / court_

[ ] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: _____

[ ] 3. The defendant shall avoid and not go to any of the following locations: _____

[✓] 4. The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and
  [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;
  [✓] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____ _as directed by PTS_
  [✓] is subject to ~~home detention with~~ electronic monitoring with the following conditions: _____

[ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.
[✓] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: _defendant reside at _____ by 4/30/14_ _Bond to be signed by_

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ _160,000_. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $ _____
[✓] premises located at: _____ owned by _____
[✓] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _5/9/14_
[✓] Other Conditions: _No liens to be placed on the above property_

_____ Address: _____

_____ Address: _____

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is conditioned upon the appearance of the defendant and is subject to the **Standard Conditions of Bond** set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.
I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. **I am aware of the penalties and sanctions set forth on the reverse of this form.**

Release of the Defendant is hereby ordered on _April 25_, 20_14_

_____ Signature of Defendant

Distribution: White-Original   Canary - Courtroom Deputy   Pink - Pretrial Services   Goldenrod - Defendant

### Standard Conditions of Release

In all cases, IT IS ORDERED that the release of the defendant is subject to the following conditions:
1. Defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing of any change in address and/or telephone number.
2. Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
3. Defendant shall not commit any federal, state, or local crime.

The conditions of this bond are that the defendant named on the obverse is to appear before the Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the preceding conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the entitled matter on the obverse at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

### Special Conditions of Release

1. If defendant is subject to home detention, defendant may not leave his/her residence without the approval of the Pretrial Services Agency, except for court appearances and visits with defense counsel in this pending criminal case and for medical emergencies. In all instances, however, the defendant must notify the Pretrial Services Agency of his or her departure from the residence.
2. If the defendant fails to report as required to the Pretrial Services Agency or to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residnece or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

### Advice of Penalties

If defendant violates any of the preceding conditions of release, a warrant will issue for his/her arrest and the terms and conditions of any further release will be reconsidered. Such reconsideration can result in a revocation of release, an order of detention, the forfeiture of any previously posted bail, and a prosecution for contempt, the latter of which could result in a term of imprisonment and/or a fine. In addition, if the defendant fails to appear as required, he/she could be prosecuted for failing to appear and, if found guilty, be subject to imprisonment for up to ten years and/or fined up to $250,000 depending upon the offense charged.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense of up to ten years, depending on the offense. Defendant is advised that it is a criminal offense to intimidate or attempt to intimidate a witness, juror, or officer of the court, or to obstruct a criminal investigation, or to tamper with a witness, victim, or informant, or to retaliate against a witness, victim, or informant, or to threaten or to attempt to do so. These offenses are punishable by up to ten years of imprisonment and a $250,000 fine. The term(s) of imprisonment imposed for any of the foregoing offenses shall be consecutive to the sentence of imprisonment for any other offense and must be imposed in addition to the sentence received for the offense itself.

Rev. Dec. 1998

GPO U.S. GOVERNMENT PRINTING OFFICE:2009-509-438

AO 466 (Rev. 9/92) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
V.

Yvener Jean Baptiste

## WAIVER OF RULE 40 HEARINGS
(Excluding Probation Cases)

CASE NUMBER: 14-398M

I, Yvener Jean Baptiste, understand that in the District of Rhode Island, charges are pending alleging violation of Identity Theft and that I have been arrested in this District and taken before a United States Magistrate Judge who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( ) identity hearing
( ) preliminary examination
( ) identity hearing and have been informed I have no right to a preliminary examination
(✓) identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

04/24/14
Date

Defendant

_____
Defense Counsel

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

United States of America

NOTICE OF APPEARANCE

-v-

Docket Number: 14 M 398

YVENER JEAN-BAPTISTE

Judge: M. Go

Defendant.

Date: 04/25/14

PLEASE NOTICE, that I have been RETAINED by YVENER JEAN-BAPTISTE the above named defendant. I was admitted to practice in this district on 1994.

Signature: [signature]

Print Name: MITCHELL C. ELMAN

Bar Code: 0714

Office Address: 21 HARBOR PARK DRIVE NORTH PORT WASHINGTON, NY 11050

Telephone #: (516) 586-6666

\*\*\* NOTICE TO ATTORNEY \*\*\*

\*\*Bar Code - The attorney's initials and last four digits of the social security number must appear on all pleadings.

USCA2 19

BEFORE MAG. JUDGE Marilyn D. Go    DATE: 4/30/14

DOCKET NUMBER: 14-398 m    LOG #: 10:51 - 10:57

DEFENDANT'S NAME: Yvener Jean-Baptiste

___ Present    ✓ Not Present    ___ Custody    ___ Bail

DEFENSE COUNSEL : _____

___ Federal Defender    ___ CJA    ___ Retained

A.U.S.A: _____    DEPUTY CLERK: K DiLorenzo

INTERPRETER : _____ (Language) _____

Bond Signing ___ Hearing held. ___ Hearing adjourned to ___

___ Defendant was released on ___ PRB with/without some conditions.

___ Defendant was advised of bond conditions by the Court and signed the bond.

✓ Surety (ies) were sworn and advised of bond obligations by the Court and signed the bond.

___ Additional surety (ies) to co-signed bond by _____

___ At this time, defense counsel states on the record that the defendant does not have a bail application / package. **Order of detention** entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

___ Order of Excludable Delay entered.    Code Type___  Start___  Stop___

___ Order of Speedy Trial entered.    Code Type___  Start___  Stop___

___ Defendant's first appearance.    ___Defendant arraigned on the indictment.

___ Attorney Appointment of ___ FEDERAL DEFENDER ___ CJA

___ Defendant entered **NOT GUILTY PLEA** to **ALL** counts of the indictment.

___ Status conference set for ___ @ ___ before Judge _____

OTHERS : _____